IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01670-BNB

ABDELFATAH AIT AMMI,

Applicant,

v.

JOHN LONGSHORE, DHS Field Office Director,
ERIC HOLDER, JR., U.S. Attorney General, and
JANET NAPOLITANO, Secretary of Homeland Security,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLC      `O

AUG 2 1 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant is an alien being detained by United States Immigration and Customs Enforcement, a subagency of the Department of Homeland Security (DHS). Applicant has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention without bond. Applicant contends that his continued detention without bond violates both Section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, and his right to due process under the United States Constitution. As relief Applicant asks the Court to declare that he is eligible to be released and to issue a writ of habeas corpus directing Respondents to hold a bond hearing and either release him on his own recognizance or set bond in an amount less than $2,000.00.

The Court must construe the application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will deny the application and dismiss the action for lack of jurisdiction.

The following brief chronology of the events in Applicant's immigration case is

based on the allegations in the application and the documents attached to the

application and is set forth to provide context for Applicant's claims in this action.

Although Applicant's allegations regarding these events are not entirely clear, a precise

chronology is not relevant to the Court's ultimate resolution of this action.

Applicant alleges that he has been held by DHS without bond since October 22,

2008.  According to Applicant, he appeared at a hearing before an immigration judge on

December 1, 2008, at which time the immigration judge denied him a bond and ordered

that he be removed to Morocco.  Applicant maintains that his immigration case was

reopened on January 15, 2009, and a new removal hearing was set for March 10,

2009.  Applicant apparently also requested a change in custody status, because he

asserts that on February 4, 2009, the immigration judge issued a new decision denying

him release on bond.  Applicant further asserts that the immigration judge issued his

February 4 decision without holding a new bond hearing and without reviewing

Applicant's motion for a new hearing.

Applicant also appealed the immigration judge's decision denying him release on

bond to the Board of Immigration Appeals (BIA).  On April 2, 2009, the BIA remanded

the case for a new bond decision.  However, Applicant alleges that on April 14, 2009,

the BIA vacated its April 2 order and dismissed his appeal because the immigration

2

judge allegedly had held a new bond hearing on February 4, 2009.  As noted above,

Applicant contends that no bond hearing was held on February 4, 2009.

Applicant asserts three claims for relief challenging his continued detention

without bond.  Applicant postures each claim as a constitutional due process claim.  He

also argues that his continued detention without bond violates 8 U.S.C. § 1226.

The Attorney General[1] has discretion to detain an alien like Applicant while a

decision is pending on whether the alien should be removed from the United States.  8

U.S.C. § 1226(a).  Section 1226(a) also provides that an alien may be released on

bond under certain conditions.  However, Congress has divested courts of jurisdiction to

review bond decisions in immigration cases.

> The Attorney General's discretionary judgment regarding the
> application of this section shall not be subject to review.  No
> court may set aside any action or decision by the Attorney
> General under this section regarding the detention or
> release of any alien or the grant, revocation, or denial of
> bond or parole.

8 U.S.C. § 1226(e).  Furthermore, if § 1226(e) were not sufficient to resolve this case,

Congress also has made clear that discretionary orders, including bond determinations

under § 1226, are not subject to judicial review in a habeas corpus action pursuant to

§ 2241.  *See* 8 U.S.C. § 1252(a)(2)(B)(ii).  As a result, the Court lacks jurisdiction to

consider Applicant's claims that his continued detention without bond violates his

statutory and constitutional rights.  *See Hatami v. Chertoff*, 467 F. Supp.2d 637, 639-

40 (E.D. Va. 2006) (finding that § 1226(e) and § 1252(a)(2)(B)(ii) preclude judicial

---

[1]References to the Attorney General are read as references to the Secretary of Homeland
Security.  *See United States v. Rios-Zamora*, 153 F. App'x 517, 520-21 (10th Cir. 2005).

3

review of immigration judge's bond decisions made pursuant to § 1226); *Mutebi v.*

*Mukasey*, No. 07-cv-02654-REB-KLM, 2008 WL 4297035 (D. Colo. Sept. 11, 2008)

(finding that court lacks jurisdiction under § 1226(e) and § 1252(a)(2)(B)(ii) to consider

§ 2241 habeas corpus action seeking release on bond pending asylum hearing).

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is

dismissed for lack of jurisdiction.

DATED at Denver, Colorado, this 20 day of _____ Aug _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01670-BNB

Abdelfatah Ait Ammi
Prisoner No.  A094981477
ICE Processing Center
11901 East 30th Avenue
Aurora, CO 80010


     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/24/09

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk